[No. 14673.   Department One.   September 25, 1918.]

# J. J. Marischal, *Appellant,* v. Winslow Lumber Company, *Respondent.*[1]

Brokers—Authority to Make Sale—Commissions — Evidence— Sufficiency.   Where a broker, making a sale subject to confirmation, telegraphed explicit terms based on a price list of a certain date, specially mentioning part at less than list, which was accepted by telegraph, he had authority to close the particular sale, notwithstanding that, two hours before closing the formal contract, he received through the mails an amended price list advancing prices over the list on which the sale was made; and he was therefore entitled to his commissions.

Appeal from a judgment of the superior court for Stevens county, Gilliam, J., entered November 12, 1917, upon findings in favor of the defendant, in an action for a broker's commission, tried to the court. Reversed.

*Fabian B. Dodds* and *Hamblen & Gilbert,* for appellant.

*F. Leo Grinstead* and *Samuel R. Stern,* for respondent.

Fullerton, J.—The respondent is engaged in the business of manufacturing and selling lumber and other timber products.   To facilitate its sales, it issues from time to time price lists which it places in the hands of brokers, authorizing such brokers to sell its products to responsible parties in accordance with the prices named in such lists, agreeing to pay stated commissions on all such sales.   The appellant is a broker engaged in the business of selling lumber and lumber products on commission.   He was given such a list .

[1]Reported in 175 Pac. 292.

bearing date February 1, 1915, and authorized to make sales in accordance therewith. On October 15, 1915, the respondent sent to the appellant the following letter:

"Orin, Wash., Oct. 15, 1915.

"J. J. Marischal Lumber Co.,
        "Lindell Block, Spokane, Wash.

"Gentlemen: We are enclosing our stock sheet as of Oct. 1st. Until further notice we will fill your orders from responsible parties at the following discounts from list of Feb. 1st, 1915:

"Dimension, $6.00 off.
"No. 2 Com. 6″ 8″ & 10″, $4.50 off.
"No. 2 Com 12″, $5.00 off.
"No. 3 Com. 6-8-10 & 12″, $4.00 off.
and allow you a commission of 50c per M.
                "Very truly yours,
                        "Winslow Lumber Co.,
                            "By B. F. Pierce."

On November 16, 1915, the appellant, then being in Denver, Colorado, sold to the Colorado Continental Lumber Company, a dealer at that place, subject to the respondent's confirmation, forty carloads of lumber at prices in accordance with the respondent's lists. On the same day he sent to the respondent the following telegram:

"10 P. M.
"Denver, Col., 11-16-15.

"Winslow Lumber Co.,
        "Colville, Wash.

"Have sold Continental Tie and Lumber Co. here forty cars lumber at prices your letter October fifteenth with lath fifty cents off and number four boards two dollars off. Sixty per cent of Order Boards balance dimension. Specifications for five cars next week, balance guaranteed within sixty days. Wire confirmation tomorrow morning sure, Oxford Hotel. They have same offer but giving me preference providing prompt confirmation.          J. J. Marischal."

Two days later he received the following reply:

"Colville, Wash., 205P Nov. 18, 1915.
"J. J. Marischal,
      "Oxford Hotel, Denver, Colo.
"Order OK but must conform to stock on hand.
                              "Winslow Lbr. Co."

Upon receipt of the latter telegram, the appellant, on behalf of the respondent, entered into a formal contract with the Colorado Continental Lumber Company for the lumber mentioned in the telegram, in accordance with the prices contained in the lists of February and October of 1915. Some two hours prior to the time the formal contract was entered into, but subsequent to the time he had received the confirmatory telegram, the appellant received through the mails from the respondent an amended or new price list advancing the price of lumber fifty cents per thousand feet over the lists under which the sales were made. Later on and after the contract had been entered into and after he had left Denver, he received a telegram from the respondent to the effect that the sale must be made in accordance with the new price list. Some three days later the respondent also wired the Colorado company, saying it could not accept the order, as the prices on pine board and dimension lumber were fifty cents lower than it had understood the prices were to be, and refused, on a later demand, to carry out the contract. The Colorado company sued the respondent as for a breach of the contract, in the district court of the United States for the eastern district of Washington, and recovered therein the principal sum of $526.40, and the sum of $40.85 as costs. In that action the respondent paid its counsel $308.85.

The appellant instituted this action to recover the commission claimed to have been earned by the execution of the contract of sale with the Colorado com-

pany. The respondent denied liability, and counter-claimed with the judgment entered against it in favor of the Colorado company. The action was tried by the court sitting without a jury, which found that the appellant, in entering into the contract for the sale of the lumber, had exceeded his instructions and had acted in bad faith; and not only denied recovery of the commission, but allowed a recovery in favor of the respondent for the amount of the judgment recovered by the Colorado company, with costs and the attorney's fees expended in defense of the action, the total aggregating $876.05. From the judgment so entered, this appeal is prosecuted.

The finding of the trial court that the appellant acted in bad faith in entering into the contract of sale with the Colorado corporation has its foundation in the fact that the contract was entered into after the appellant had received the price list advancing the scale of prices for the respondent's products, evidently on the theory that this was notice of the possibility of a mistake sufficient to require further inquiry. But it seems to us that it furnishes no basis for the conclusion. The appellant's telegram announcing the sale and asking for confirmation was clear and explicit. It not only gave a general outline of the amount and character of the lumber sold, but it specially mentioned the price list under which the sale was made, specially mentioning also that lath and number four boards were sold at less than the prices listed thereon. When, therefore, the respondent replied, authorizing the contract, the appellant had the right to assume that it had given heed to the wording of his telegram, that it understood its terms, and that it intended to make the particular sale notwithstanding it had made a general increase in the price of its lumber. Instead of acting in bad faith, it seems to us that the broker acted in

the best of faith. Aside from the fact that he had contracted the lath and certain specifications of the lumber at less than the list price, the sale did not need confirmation, and the fact that he submitted the whole of the agreement before closing it evidences a desire to inform, not to mislead.

There is no telegraph station at the respondent's place of business. Telegraph messages directed to it are taken at a nearby station and relayed to it by telephone. It is claimed by the respondent that the message of the appellant, when relayed to it, was in some manner garbled and its full purport not communicated; that, because of this, it was misled into the belief that the sale was made under the advanced price list, and confirmed it under that mistaken belief. But manifestly this was not the fault of the appellant. It was a way the respondent had provided for communication with it, and the appellant had the right to employ it. Moreover, the relay was on the respondent's end of the line, and it was within its power alone, not within the power of the appellant, to avoid the possibility of a mistake.

Our conclusion is that the appellant was justified in entering into the contract. Since it was made with a concededly responsible concern, he is entitled to his commission, and is not liable for any obligation the respondent may have incurred by a breach of the contract.

The judgment is reversed, and the cause remanded with instructions to enter judgment for the appellant, plaintiff below, for the amount of the commission demanded in the complaint.

MAIN, C. J., MITCHELL, PARKER, and TOLMAN, JJ., concur.